UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22533

GLADYS LAZARA CASTANEDA,

    Plaintiff,

vs.

DIAMOND HEALTH MEDICAL CARE CENTER, INC. and
GUILLERMO ORTEGA,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Gladys Lazara Castaneda, sues Defendants, Diamond Health Medical Care Center, Inc. and Guillermo Ortega, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Gladys Lazara Castaneda**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit

5. **Defendant, Diamond Health Medical Care Center, Inc. ("DHMCC")**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in this District.

6. **Defendant, Guillermo Ortega,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. He ran its day-to-day operations, made

1

financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. Both Defendants employed Plaintiff.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in this District, where payment was to be received.

### *Background Facts*

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Defendants have been at all times material engaged in interstate commerce in the course of their provision of attendant care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

13. Defendants also communicate with their workers by regularly and routinely using telephones, Internet, and/or facsimiles.

14. Furthermore, Defendants engage in interstate commerce in the course of their

submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

16. In particular, Defendants own and operate a medical practice that also included the provision of primary care, mental health, and behavioral therapy to clients/patients/children, and to do so Defendants utilized computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, medications, medical devices, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

17. Plaintiff worked in a non-exempt capacity for Defendants.

18. In particular, Plaintiff worked for Defendants as a behavioral therapist from approximately March/April 2018 to December 31, 2018.

19. Defendants agreed to pay Plaintiff at the rate of $25.00 per hour for each client/patient/child they assigned to her and $28.00 per hour for each client/patient/child that Plaintiff brought in.

20. Defendants have records identifying the hours that Plaintiff spent performing therapy with the clients/patients/children.

21. Defendants instructed Plaintiff that the time she spent traveling between appointments during the day and the time she spent on paperwork was not compensable.

22. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

23. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Liability*

25. Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours during the time she worked for them as a result of their tracking the hours she worked and then paying her at her regular rate of pay for all documented hours worked beyond 40 in a workweek (except for the days worked she was not paid) and by not paying her *at all* for the additional time that she spent traveling in between clients and/or for preparing the documentation she submitted.

26. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned

28. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Gladys Lazara Castaneda, demands the entry of a judgment in her favor and against Defendants, Diamond Health Medical Care Center, Inc. and Guillermo Ortega, jointly and severally, and after trial by jury and as follows:

    a.    That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b.    That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recovers all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Gladys Lazara Castaneda, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of June 2020.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*
